# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 06 2018, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew M. Kubacki
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darrell Lee Moore,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 6, 2018<br><br>Court of Appeals Case No.<br>18A-CR-28<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy Jones, Judge<br>The Honorable David Hooper, Magistrate<br><br>Trial Court Cause No.<br>49G08-1709-CM-33108 |

**Bradford, Judge.**

# Case Summary

Darrell Lee Moore appeals his conviction for Class A misdemeanor operating a vehicle while intoxicated in a manner that endangers another. While Moore does not dispute that he was intoxicated at the time of his arrest, he argues that the State failed to prove that he operated his vehicle in a manner that endangered another. We affirm.

# Facts and Procedural History

At approximately 8:00 p.m. on September 4, 2017, Indianapolis Metropolitan Police Officer Don Weilhamer, Jr. observed Moore's vehicle "run [a] red light" near 900 East Washington Street. Tr. Vol. II, p. 11. In running the light, Moore's vehicle disregarded a "no turn on red" sign and "was moving rather quickly." Tr. Vol. II, p. 11. Officer Weilhamer further observed that Moore's vehicle "didn't slow down very much at all" before turning eastbound onto Washington Street. Tr. Vol. II, p. 11. While Moore did not pull out in front of any vehicles traveling in the eastbound lanes, there were other vehicles going through the intersection at the time traveling in the westbound lanes. Officer Weilhamer estimated that Moore was driving above the posted speed limit as it took him a couple of blocks to catch up to Moore once he initiated a traffic stop.

Upon approaching Moore's vehicle, Officer Weilhamer smelled "an odor of an alcoholic beverage coming from the vehicle." Tr. Vol. II, p. 13. He observed

that Moore had slow speech and glassy, bloodshot eyes. Moore also had difficulty finding and retrieving both his identification from his wallet and the vehicle registration. Once Moore exited the vehicle, Officer Weilhamer "could smell [the] odor of an alcoholic beverage on [Moore's] breath." Tr. Vol. II, p. 15. Moore failed three field sobriety tests: the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand test. Moore admitted that he had been drinking and consented to a breath test, the results of which revealed Moore's blood alcohol concentration ("BAC") to be .083. A search of Bureau of Motor Vehicles records also showed that Moore had never received a valid driver's license and that his driving privileges were suspended.

[4] On September 5, 2017, the State charged Moore with Class A misdemeanor operating while intoxicated, Class C misdemeanor operating with a BAC of .08 or more, Class A misdemeanor operating never having received a license, and Class A infraction driving while suspended. Moore was found guilty of each of the criminal charges and the infraction following a bench trial and was sentenced to an aggregate suspended 365-day sentence.

# Discussion and Decision

[5] On appeal, Moore challenges the sufficiency of the evidence to sustain his conviction for Class A misdemeanor operating while intoxicated endangering another person.

> Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this

court does not reweigh the evidence or judge the credibility of the witnesses. We will consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. A conviction may be based upon circumstantial evidence alone. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense.

*Staley v. State*, 895 N.E.2d 1245, 1250 (Ind. Ct. App. 2008) (internal citations omitted).

[6] In challenging his conviction, Moore does not dispute that he was intoxicated at the time of his arrest, but argues that the State failed to prove the element of endangerment. "To prove endangerment, the State must prove that the defendant was operating the vehicle in a condition or manner that *could* have endangered any person, including the public, the police, or the defendant." *Staten v. State*, 946 N.E.2d 80, 84 (Ind. Ct. App. 2011) (citation omitted, emphasis in original).

> [T]he endangerment clause does not require that the State prove a person other that the defendant was actually in the path of the defendant's vehicle or in the same area in order to obtain a conviction. An officer does not have to wait until the defendant crosses the centerline and adds another victim to the statistics of those who have died in drunk driving accidents. Thus, it is sufficient that the defendant's condition renders driving unsafe.

*Staley*, 895 N.E.2d at 1251 (citations omitted).

[7] The facts of this case indicate that on the evening in question, Moore operated his vehicle in an unsafe manner. Specifically Moore disregarded a "no turn on red" sign and ran a red light. Tr. Vol. II, p. 11. In addition, Moore "didn't slow down very much at all" before turning onto Washington Street. Tr. Vol. II, p. 11. While Moore did not pull out in front of any vehicles traveling in the eastbound lanes of Washington Street, there were other vehicles going through the intersection at the time traveling in the westbound lanes. Given that Moore disregarded a no turn on red sign and turned into the eastbound lanes "rather quickly" it is not unreasonable to conclude that he could have created a dangerous situation. Tr. Vol. II, p. 11. These facts are sufficient to prove endangerment. *See Staten*, 946 N.E.2d at 84.

[8] The judgment of the trial court is affirmed.

Baker, J., and Kirsch, J., concur.